SAM HAYDEN ELLIS v. THE STATE.

No. 11463.   Delivered April 11, 1928.

1.—Arson—Indictment—Held Insufficient.

Our statutes expressly exempt from punishment for arson, one who burns his own house, except the burning be under certain specified circumstances.   See Arts. 1311-1312, P. C. of 1925.

2.—Same—Continued.

It plainly follows that the indictment against appellant for personally burning his own house, or for being an accomplice to the offense of burning

same by another, would not charge an offense, unless it set out that the house was in a town or city, or that it was insured, or that it was within some of those conditions named in Art. 1312, supra. There being no such allegation in the indictment in this case, it was insufficient to charge an offense.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for arson, penalty two years in the penitentiary.

The opinion states the case.

*Terrell & Miller* of Dallas, and *Harry Myers* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for arson, punishment two years in the penitentiary.

We have carefully examined each bill of exceptions and find error in none save as herein set forth. The second count of the indictment charges that J. S. Farrington, in Dallas County, "Did unlawfully, wilfully and maliciously set fire to and burn a house of the said Sam Hayden Ellis, there situate," and that before the burning of said house appellant, Sam Hayden Ellis, did unlawfully, etc., advise, encourage, command and agree to reward the said Farrington for burning said house, he, said Ellis, not being personally present when said offense was committed. The court only submitted to the jury the second count just referred to. Bill of exceptions No. 4 sets out that appellant moved the court to quash the indictment for the reason that it charged no violation of the law, and failed to charge that appellant burned or caused said house to be burned for the purpose of gain, or to defraud, or to receive any value therefor, or that the house was within the corporate limits of any city, or that the property of others was endangered by such burning, or that the house was insured. This motion was overruled, to which exception was taken.

It is manifest that the second count of said indictment attempted to charge appellant with being an accomplice to the offense of burning his own house. Our statutes expressly exempt from punishment for arson one who burns his own house, except the burning be under certain specified circumstances. See Arts. 1311, 1312, 1925 P. C. Except under like circumstances, the owner of a house might get another to burn

same for him, and neither would be guilty of an offense. Crowder v. State, 77 Tex. Crim. Rep. 122. Unless then the house of appellant be within a town or city, or be insured, or have within it property of another, etc., etc., as set out in said Art. 1312, supra, the burning of same by appellant, or by Farrington acting for appellant, would not be arson. It plainly follows that the indictment against appellant for personally burning his own house, or for being an accomplice to the offense of burning same by another, would not charge an offense unless it set out that the house was in a town or city, or that it was insured, or that it was within some of those conditions named in said Art. 1312, supra. There being in the indictment in this case no such allegation, it was insufficient to charge an offense, and the motion to quash same should have been sustained.

For the error of the trial court in refusing to quash the indictment, the judgment will have to be reversed, and the indictment appearing to be bad, the prosecution will be ordered dismissed.

*Reversed and dismissed.*